**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4061-19T3

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

D.E.,

    Defendant-Respondent.

_____

Submitted June 26, 2020 – Decided July 9, 2020

Before Judges Koblitz and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket Nos. FO-02-0193-20 and FO-02-0240-20.

Mark Musella, Bergen County Prosecutor, attorney for appellant (Nicole Paton, Assistant Prosecutor, of counsel and on the brief).

Madden & Associates, PC, attorneys for respondent D.E., join in the brief of appellant State of New Jersey.

PER CURIAM

The State seeks leave to appeal from a June 22, 2020 order denying reconsideration of a verbal decision to schedule a trial date for defendant D.E.'s[1] remotely-conducted domestic violence contempt trial in the Family Part. Defendant joins in the State's application. We grant leave to appeal and summarily reverse pursuant to Rule 2:11-2.

D.E. is charged with two disorderly persons charges of contempt of a domestic violence restraining order, N.J.S.A. 2C:29-9(b)(2), from two different towns, a petty disorderly persons charge of harassment, N.J.S.A. 2C:33-4(a), and a violation of probation.[2] Because she was previously convicted of domestic violence contempt, if convicted of either contempt charge defendant faces a mandatory thirty-day jail sentence. N.J.S.A. 2C:25-30.

On June 18, 2020, the trial court verbally scheduled a June 24 remotely-conducted trial over the objection of both the State and defense counsel. The court allowed a motion for reconsideration, which we view as a more formal consideration of the merits rather than reconsideration pursuant to Rule 4:49-2,

---

[1] We use initials to refer to defendant to preserve the privacy of the victim of domestic violence. R. 1:38-3(c)(12).

[2] After defendant pled guilty to fourth-degree stalking, N.J.S.A. 2C:12-10(b), and a disorderly persons contempt of a domestic violence order, she was sentenced as a first offender to two years of probation on December 11, 2018.

2 <span>A-4061-19T3</span>

which must conform to strict requirements. <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 384 (App. Div. 1996). The motion was filed and briefed by the State and joined by defendant. The court did not reconsider and denied a stay of the remote trial. We granted the stay later on June 22, 2020.

The issue turns on the correct interpretation of our Supreme Court's April 20, 2020 order entered "[i]n response to the ongoing COVID-19 coronavirus pandemic."[3] The Court ordered, in pertinent part, that "during the pendency of the . . . public health emergency:"

> 2. The following matters will be conducted remotely using video and/or phone options only with the consent of all parties:
>
> a. Sentencing hearings in Criminal, Family, and Municipal matters;
>
>      . . . .
>
> c. Evidentiary hearings and bench trials in Criminal matters;
>
> d. Evidentiary hearings and trials in Municipal matters that involve a reasonable likelihood of a jail sentence or loss or suspension of license . . . .

---

[3] The pertinent provisions were not changed by the Court's June 11 "Phase 2" order, as evidenced by paragraph 7 of that order.

If the sentencing proceeds with consent of all parties as provided for in paragraph 2(a), the Court refers to the stay of "the commencement of the custodial portion of a sentence" in 7(b) of the order, stating: "In Family quasi-criminal (FO)[4] matters, the court may stay . . . ."

The trial court interpreted these provisions of the order to allow Family FO contempt hearings to proceed to trial remotely without the consent of the parties. The trial court reasoned that Family FO trials were not designated as those that could only occur remotely with consent of the parties. The court noted that our Supreme Court considered such trials, as evidenced by its mention in paragraph 2(a) of the need for consent before defendants are sentenced remotely in Family matters, and the mention of the staying of FO sentences in paragraph 7(b). Although the trial court's interpretation is not unreasonable on its face, after consideration of the reasons why all defendants facing incarceration should be treated the same, we reject the trial court's interpretation of the April 20 order.

Pursuant to statute, domestic violence disorderly persons contempt charges are handled in the Family Part. "All [such] contempt proceedings . . . shall be subject to any rules or guidelines established by the Supreme Court to

---

[4] Quasi-criminal disorderly persons domestic violence contempt matters are docketed as "FO" in the Family Part.

guarantee the prompt disposition of criminal matters." N.J.S.A. 2C:25-30. Defendants charged with violating a domestic violence restraining order by committing a disorderly persons offense or indictable crime, are charged with the indictable crime of contempt, heard in the Criminal Part. N.J.S.A. 2C:29-9(b)(1). A defendant charged with the indictable crime of domestic violence contempt could not be tried remotely without consent of the parties according to the clear wording of the April 20 order, paragraph 2(c). Additionally, in paragraph 2(d), our Supreme Court explicitly protected the rights of defendants in municipal court facing the "reasonable likelihood" of jail or a loss of license to an in-person trial if consent to a remote trial is not obtained from all parties.

Defendant is not only facing a mandatory jail term if convicted, she is also facing a state prison term if she is deemed in violation of her probation by virtue of her conviction of one of the charges pending in the Family Part. Because a Family Part defendant convicted of a disorderly persons contempt requiring incarceration, such as defendant were she convicted, would have the right to withhold consent to a remote sentencing procedure pursuant to paragraph 2(a), thereby delaying final disposition of the matter, a mandatory remote trial would not necessarily speed the resolution of the matter.

A-4061-19T3

The State argues that the victim of domestic violence in this matter would be placed in greater jeopardy, if, after testifying at the contempt trial, defendant was not incarcerated immediately due to her right to object to a remote sentencing. The victim would have antagonized defendant, who would then be free to act in a retaliatory manner.

The State also avers that it would have substantial difficulty presenting its evidence in this matter in a remote hearing. The State contends as well that the procedural shortcomings of a remote trial would impair the victim's right to a fair proceeding under the New Jersey Constitution. The State points out that victims have the right to attend all proceedings under the Victim's Rights Amendment. N.J. Const., art. I, ¶ 22. Victims are also entitled by statute to be present at all court hearings. N.J.S.A. 52:4B-36 (p) and (r).

The State discusses its obligation "not to obtain convictions, but to see that justice is done." State v. Ramseur, 106 N.J. 123, 320 (1987). It argues that a remote proceeding would impair defendant's right to confrontation, Maryland v. Craig, 497 U.S. 836, 846 (1990); State v. Castagna, 187 N.J. 293, 308-09 (2006); State v. Reevey, 417 N.J. Super. 134, 149-50 (App. Div. 2010), and the right to a public trial, Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 508 (1984); State v. Cuccio, 350 N.J. Super. 248, 260-61 (App. Div.

2002). Treating defendants in FO matters disparately to other defendants facing incarceration with no rational basis could also implicate the equal protection clause. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Secure Heritage, Inc. v. City of Cape May, 361 N.J. Super 281, 300 (App. Div. 2003).

We need not, however, consider the State's arguments that the trial court's interpretation of the April 20 order impairs the rights of the victim or endangers defendant's constitutional rights. Rather, we read the April 20 order to require consent from all parties for a remote trial of an FO disorderly persons charge. Because neither party consented, we reverse the order scheduling a remote trial.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION